F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRY CHANCEY,

    Defendant - Appellant.

No. 02-6098
D.C. No. CIV-01-1455-T
and CR-98-166-T
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Terry Chancey's *pro se* requests for a certificate of appealability ("COA") and for permission to proceed on appeal *in*

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*forma pauperis*.  Chancey seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2255 motion.  *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from "the final order in a proceeding under section 2255" unless the movant obtains a COA).  Chancey's request to proceed on appeal *in forma pauperis* is **granted**.  Because Chancey has not "made a substantial showing of the denial of a constitutional right," however, this court **denies** his request for a COA and **dismisses** this appeal.

In his § 2255 motion, Chancey raised four general challenges to his conviction and resultant sentence for distribution of methamphetamine in violation of 21 U.S.C. § 841(a).  He further alleged that his counsel was constitutionally ineffective as cause and prejudice sufficient to overcome the procedural bar arising from his failure to raise these claims on direct appeal.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Rogers v. United States*, 91 F.3d 1388, 1391 (10th Cir. 1996).  In response, the district court reviewed and rejected each of Chancey's claims on the merits.  Because all of the claims that Chancey asserted his counsel should have raised were without merit, the district court concluded Chancey had failed to demonstrate that his counsel was ineffective.  As Chancey had failed to show a basis for relief, the district court denied his § 2255 motion.

To be entitled to a COA, Chancey must make a "substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). He can make the requisite showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of Chancey's application for a COA and appellate brief, and *de novo* review of the district court's order and entire record on appeal, this court concludes that Chancey has not made a substantial showing of the denial of a constitutional right for substantially those reasons set out in the district court's order dated February 13, 2002. Accordingly, this court **GRANTS** Chancey permission to proceed *in forma pauperis*, **DENIES** his application for a COA, and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge